MEYERSON v. TRAVIN et al.

(Supreme Court, Appellate Term, First Department. February 4, 1915.)

NEW TRIAL (§ 108*)—NEWLY DISCOVERED EVIDENCE—SUFFICIENCY.

Newly discovered evidence that plaintiff was over 16 years of age at the time of his employment by defendants *held* sufficient to require a new trial after verdict for plaintiff.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 226, 227; Dec. Dig. § 108.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by David Meyerson against Sam Travin and Abe Travin. Judgment for plaintiff for $500, and defendants appeal from an order denying motion for new trial. Order reversed, and judgment vacated.

Argued January term, 1915, before GUY, BIJUR, and GAVE-GAN, JJ.

Joshua S. Shapiro, of New York City, for appellants.
Ignatz Weisengreen, of New York City, for respondent.

GUY, J. This action was brought to recover damages for personal injuries alleged to have been sustained by the plaintiff while an employé of the defendants. The plaintiff alleges, in addition to other acts of negligence on the part of the defendants, that at the time plaintiff entered defendants' employment he was an infant between 14 and 16 years of age, and that defendants wrongfully and unlawfully took him into their employment, in violation of the Labor Law (Consol. Laws, c.

31), without the production of a certificate in accordance with the requirements of the Labor Law.

One of the principal issues of fact bearing upon the question of defendants' negligence, and dwelt upon by the trial justice in the opinion filed in the case, was as to the age of the plaintiff. The defendants introduced proof tending to show that plaintiff was over 16 years of age at the time of entering defendants' employment. The alleged newly discovered evidence, upon which the motion for a new trial was based, consisted of information furnished by a school board in Winnipeg, Canada, to the effect that in January, 1910, plaintiff was registered in one of the schools in Winnipeg as being then 12 years of age, and that again in the same school he was registered on September 1, 1910, as of the age of 13 years; also information furnished by the principal of another school in Winnipeg that on the 31st of January, 1910, plaintiff was registered in said school in Winnipeg as 12 years of age, which would make the age of the plaintiff, at the time he entered into defendants' employment, between 16 and 17 years; and also information in the shape of a certificate of the health board of New York City showing the birth of another child of plaintiff's mother, who she testified was two years younger than the plaintiff, as occurring in 1899, which would make the plaintiff's age, as determined in connection with her evidence, between 16 and 17 years at the time of his employment by defendants. Plaintiff, in opposition to the motion, presented an affidavit of plaintiff's mother, attempting to controvert or explain the facts set forth in the moving papers; but the explanation is entirely of an unsatisfactory and unconvincing character.

The evidence which the moving papers allege the defendants can produce on a new trial, if furnished in the form of competent proof, would seriously affect plaintiff's right of recovery, and, in view of the inconsistent and unconvincing character of plaintiff's evidence, and the subsequent affidavits filed in opposition to this motion, the interests of justice require a new trial.

Order reversed, judgment vacated, and a new trial ordered, with costs to the appellants to abide the event. Appeal from the judgment dismissed, without costs. All concur.